**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICK SPANGOLO, | : | CIVIL ACTION NO. **1:CV-14-0855** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SPECIAL DIRECTORY DELIVERY | : | |
| SERVICES, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I.     **Background**.

On May 5, 2015, Plaintiff Nick Spangolo,[1] a resident of Harrisburg, Dauphin County,

Pennsylvania, and former resident of Hawaii,  filed, *pro se*, the instant 8-page typed *Bivens*[2] civil rights

Complaint alleging procedural due process violations under the Fifth and Fourteenth Amendments,

---

[1]Plaintiff Nick Spagnolo filed previous actions with this Court.  *See Spangolo v. Watson*, Civ. No. 08-1092, 2008 WL 2622909 (M.D. Pa. June 30, 2008)(Plaintiff alleged that Defendant dentist caused damage to his teeth and Court granted Plaintiff 's *in forma pauperis* motion and dismissed his Complaint for failure to state a claim). *See also Spagnolo v. City of Huntingdon Beach*, Civ. No. 08-1145, 2009 WL 1505279 (M.D. Pa. May 28, 2009)(Plaintiff filed an *in forma pauperis* motion and Plaintiff's Complaint was dismissed for failure to state a claim under 28 U.S.C. §1915(e)(2)).

[2]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff's instant action appears to fall, in part, within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).  This is case is a *Bivens* action to the extent Plaintiff is deemed as seeking monetary damages from a federal official for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff also raises claims under the False Claims Act ("FCA"), 31 U.S.C. §3729(a)(7) and §3730. Further, Plaintiff states that he is raising conspiracy claims to violate his constitutional rights under 42 U.S.C. §1985(3).

Plaintiff also filed a Motion to proceed *in forma pauperis*. (Doc. 2). Plaintiff states that he is unemployed and that he receives SSI disability benefits in the amount of $720-$743 per month. Plaintiff indicates that he has no other assets.

Since Plaintiff Spagnolo is a *pro se* litigant, we must construe his Complaint liberally. *See Higgs v. United States Attorney General*, 655 F.3d 333, 339 (3d cir. 2011). As discussed below, we find that Plaintiff's Complaint is barred by the doctrine of res judicata based on his numerous previous cases against the IRS and SSA in which he raised the same claims. *See Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559 (D.Hawaii Dec. 18, 2012). In fact, Plaintiff is claiming that the Court in *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, D.Hawaii, erred in dismissing his case for lack of standing and he now raises the same claims and seeks the same relief in his present case. Further, we do not find that Plaintiff has stated a claim under 42 U.S.C. §1985(3) or a claim under *Bivens* against a proper federal official. Also, it is clear that Defendant IRS, a federal agency, is not amenable to being sued in a *Bivens* action.

Plaintiff's Complaint has not yet been served on Defendants. We are obliged to screen Plaintiff's Complaint. *See Spangolo v. Watson*, Civ. No. 08-1092, 2008 WL 2622909 (M.D. Pa. June 30, 2008).

II.     **Standards of Review**.

1.  ***Screening pro se in forma pauperis Complaints***

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (Doc. 2).  Because Plaintiff has filed a Motion to Proceed *in forma pauperis,* we

are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not an inmate and

he is not complaining about prison conditions.   As the Court stated in *O'Connell v. Sobina*, 2008 WL

144199, *6 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints

filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)." In *Palencar v. Cobler*

*Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma*
> *pauperis* status, the court then considers whether the complaint may be
> dismissed under 28 U.S.C. § 1915(e)(2)(B).  *Douris v. Huff*, 2008 U.S. App.
> LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207
> Fed.Appx. 242 (3d Cir. 2006).  Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that
> --
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal  - -
> > > (i)      is frivolous or malicious;
> > > (ii)     fails to state a claim on which relief may be granted; or
> > > (iii)    seeks monetary relief against a defendant who is
> > >          immune from such relief.
>
> 28 U.S.C. § 1915(e)(2).  This statute "is designed largely to discourage the
> filing of, and waste of, judicial and private resources upon baseless lawsuits
> that paying litigants generally do not initiate because of the costs of bringing
> suit and because of the threat of sanctions for bringing vexatious suits under
> Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327,

3

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); §1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

See also *Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No.  09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Sobina*, 2008 WL 144199, at *3;  *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

### 2. Motion to Dismiss Standard

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must

4

contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not

precedential).

### 3. *Bivens Standard*

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil

rights action.  In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim.  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

III.    **Discussion**.

Plaintiff Spagnolo was a frequent litigator in federal court during 2011-2012 when he resided in Honolulu, Hawaii. Many of his prior actions (*i.e.*, six prior cases) were filed against federal government agencies, namely, the United States Internal Revenue Service ("IRS") and the Social Security Administration ("SSA"). Plaintiff's other case which we have found was a medical malpractice case against Nadic Network Certified Dentists. (*See Spagnolo v. Nadic Network Certified Dentists,* Civ. No. 11-0340, 2011 WL 6011803 (D.Hawaii Dec. 1, 2011)). The six (6) prior cases Plaintiff filed against federal agencies from 2011-2012 in the U.S. District Court of Hawaii which we have found are as follows:

1. *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559 (D.Hawaii Dec. 18, 2012).

2. *Spagnolo v. U.S. S.S.A.*, Civ. No. 12-00579, 2012 WL 5415370 (D.Hawaii Nov. 5, 2012).

3. *Spagnolo v. U.S. S.S.A.*, Civ. No. 12-00314, 2012 WL 2190605 (D.Hawaii June 13, 2012).

4. *Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, 2013 WL 1856267 (D.Hawaii April 30, 2013).

5. *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00039, 2012 WL 425173 (D.Hawaii Jan. 20, 2012) and 2012 WL 423786 (D.Hawaii Feb. 9, 2012).

6. *Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353, 2011 WL 4433094 (D.Hawaii Aug. 30, 2011).

In his present action, Plaintiff names three Defendants in his Complaint, Speciality Directory Delivery Services ("SDDS"), Alternate Postal Direct ("ADP") and United States Internal Revenue Service ("IRS"). Plaintiff avers that "[w]hen failing to pay employee taxes under law on wages earned between 1998 and 2008[,] co-Defendants SDDS and ADP had denied [him] of his right to Social Security

benefits and unemployment compensation, otherwise, his property under the Fifth Amendment." The property to which Plaintiff refers is his entitlement to collect Social Security benefits. Plaintiff also states that he was "denied 'equal protection' under the Fourteenth Amendment when the IRS failed to correct his tax status to that of an employee [as opposed to an independent contractor], upon application with the SS-8 branch of the IRS." (Doc. 1, p. 1).

Thus, Plaintiff appears to be claiming that he was an employee of Defendants SDDS and APD and not an independent contractor and that these Defendants failed to pay 50% of the Social Security tax to the IRS for him, as they were required to do, when he worked for them during the years of 1998 through 2008. As such, Plaintiff states that the Social Security Administration ("SSA") advised him that since his Social Security taxes were not paid for the years of 1998 through 2008 by Defendants SDDS and APD, his wages earned "were not REPORTED AS EMPLOYEE WAGES FOR THESE YEARS." (Doc. 1, p. 2). Instead, Plaintiff avers that his wages were reported by Defendants SDDS and APD to the IRS as self-employment wages, which was not correct, and a violation of the FCA. Plaintiff states that he sought re-consideration of the IRS' determination regarding the treatment of his wages and that his request was denied by the IRS Director. Plaintiff states that he then filed a Complaint in federal court in Hawaii, "11-CV-00255" [Civ. No. 12-00255], and that the District Court Judge erroneously dismissed his case under Article III of the Constitution for lack of standing. *See Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559 (D.Hawaii Dec. 18, 2012). The Judge also found that the proper Defendant was the SSA and not the IRS, and that Plaintiff already had a case in the District Court of Hawaii pending against the SSA which appeared to raise the same claims. *See Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, D.Hawaii. In his instant case, Plaintiff contends that the

8

federal court in Hawaii in the case of *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, erred and that he

"does demonstrate proper 'standing' under the Fifth and Fourteenth Amendments" and, that his

alleged violations of his property rights, i.e., the denial of Social Security benefits, "represent an actual

injury under the law." (*Id.*).

     We find that Plaintiff is essentially seeking the M.D. PA District Court to reverse the decision of

the District Court of Hawaii in his prior case, namely, *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, in

which raised the same claims as he does in his present case.

     As indicated above, in Plaintiff's prior case filed against the IRS, *i.e.*, *Spagnolo v. U.S. I.R.S.*, Civ.

No. 12-00255, 2012 WL 6629559 (D.Hawaii Dec. 18, 2012), in which Plaintiff raised the same claims

as he does in his present case, the Court dismissed the case for lack of standing and stated that

Plaintiff's claim had to be pursued with the SSA and not the IRS. *Id.*, 2012 WL 6629559, *7. *See also*

42 U.S.C. §405(g). Plaintiff now claims that the District Court of Hawaii, in his stated prior case, erred

in dismissing it for lack of standing, and he contends that he alleged violations of his property rights

which constituted an actual injury. In his instant case, Plaintiff is essentially re-hashing his claims he

raised in his prior cases, including , *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, D.Hawaii. We find that

Plaintiff's recourse regarding the decision issued by the federal court in the District of Hawaii which

dismissed Plaintiff's prior case (Civ. No. 12-00255) was to file an appeal with the Ninth Circuit Court

of Appeals. Instead, Plaintiff appears to be appealing the Court's decision in *Spagnolo v. U.S. I.R.S.*,

Civ. No. 12-00255, 2012 WL 6629559 (D.Hawaii Dec. 18, 2012), to the instant federal Court.

     In fact, in the decision issued in another similar case Plaintiff filed in Hawaii, namely, *Spagnolo

v. U.S. S.S.A.*, Civ. No. 12-00579, 2012 WL 5415370 (D.Hawaii Nov. 5, 2012), the Court stated that

it dismissed Plaintiff 's case without prejudice but without leave to amend since the Court found that "[i]f Plaintiff is entitled to any relief sought in this action, he may seek it, if at all, by litigating his claims in [*Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, D.Hawaii]."  The Court in Plaintiff's prior case, *Spagnolo v. U.S. S.S.A.*, Civ. No. 12-00579, 2012 WL 5415370, *3 (D.Hawaii Nov. 5, 2012), also stated that "it cannot be disputed that this action [Civ. No. 12-00579, D.Hawaii] is duplicative of Plaintiff 's pending action in Civ. No. 12-00563 [D.Hawaii].  It seeks essentially the same relief against the same Defendants for the same alleged wrongs."

In Plaintiff 's prior case against the SSA, *Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, 2013 WL 1856267 (D.Hawaii April 30, 2013), the District Court in Hawaii eventually found that the case was barred by the doctrine of res judicata since it raised the same claims that Plaintiff raised in his first prior case, *Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353, D.Hawaii. The Court in *Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, 2013 WL 1856267, *4, also found that Plaintiff was improperly framing this case as an "appeal" of his first case and seeking review of the dismissal order issued by the Court in  *Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353.

Likewise, we find that Plaintiff's instant action filed in the M.D. PA is duplicative of Plaintiff's numerous prior actions he filed in the District Court of Hawaii, including, Civ. No. 12-00563, D.Hawaii, Civ. No. 12-00255, D.Hawaii, Civ. No. 12-00579, D.Hawaii, and *Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353. We also find that Plaintiff is again framing his present case as an appeal of his prior cases, particularly, Civ. No. 12-00255, D.Hawaii.  We further find that Plaintiff is seeking the M.D. PA District Court to review the dismissal order issued by the Court in  Civ. No. 12-00255, D.Hawaii, and to overturn the Hawaii District Court's finding that Plaintiff  lacked standing to raise his claims against

the IRS.

In his instant case, Plaintiff seeks essentially the same relief against the same Defendants for the same alleged wrongs as he did in his stated prior cases filed in the District Court of Hawaii. Since the Court in Plaintiff's nearly identical prior case, *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559, *2, detailed the factual background surrounding Plaintiff's claims, we do not fully repeat them herein. Suffice to say that Plaintiff 's instant claims, similar to his claims in his prior cases he filed in Hawaii, involve Plaintiff 's treatment, for tax purposes, as an independent contractor rather than an employee by the PA telephone directory delivery companies he had seasonal employment with in PA for about ten years. Plaintiff names two of these PA telephone directory delivery companies as Defendants in the present case, namely, SDDS and APD. Since Plaintiff was treated as an independent contractor, the Defendant PA telephone directory delivery companies "did not pay FICA or FUTA taxes relating to [Plaintiff] and did not withhold those taxes from [Plaintiff's] paychecks." *Id*. Thus, the PA telephone directory delivery companies "reported [Plaintiff's] income on [IRS] Forms 1099 rather than W-2's." *Id*. After Plaintiff began receiving SSI disability benefits, in August 2010, he filed a request with the IRS, using IRS Form SS-8, to determine whether he was an employee or an independent contractor with the PA telephone directory delivery companies. Plaintiff also requested that the IRS transfer his income reported on the Forms 1099 by the PA telephone directory delivery companies to W-2s, and that the PA telephone directory delivery companies be required to pay FICA and FUTA taxes during the time he was employed by them. *Id*. At bottom, Plaintiff felt that if he was re-classified as an employee with the PA telephone directory delivery companies over the ten plus years, as opposed to being treated as an independent contractor, he could claim Social Security, Medicare and Medicaid benefits. In October 2011, contrary to Plaintiff's contention, the IRS determined that Plaintiff was an

independent contractor when he was employed with the PA telephone directory delivery companies.

Plaintiff then instituted several actions in the District Court of Hawaii basically in which he challenged the IRS's determination that he was an independent contractor when he was employed with the PA telephone directory delivery companies, including, *Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353, and *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00039, D.Hawaii. Plaintiff also filed an *in forma pauperis* motion in his prior cases. In Plaintiff's Civ. No. 12-00039 case, the District Court, adopting a Magistrate Judge's R&R, dismissed Plaintiff's action for failure to state a claim on which relief could be granted. *See Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00039, 2012 WL 425173 (D.Hawaii Jan. 20, 2012) and 2012 WL 423786 (D.Hawaii Feb. 9, 2012).

Subsequently, Plaintiff filed another case in the District Court of Hawaii, namely, *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559 (D.Hawaii). As mentioned, the Court in *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559, found that Plaintiff lacked Article III standing. Specifically, the Court in *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, concluded as follows:

> Mr. Spagnolo's Complaint is based on a misunderstanding. He believes that he is being denied federal benefits because his former employers failed to pay FICA taxes. He is mistaken. Whether a person is entitled to federal benefits does not, as a matter of law, depend on whether his employers properly paid their taxes. Mr. Spagnolo's dispute is with the Social Security Administration, not the IRS. Mr. Spagnolo's Complaint lacks standing because even if the Court were to do what Mr. Spagnolo asks, that remedy still would not get him the benefits he claims he has been unfairly denied.

*Id.*, 2012 WL 6629559, *7.

In his present case, as stated above, Plaintiff seeks this Court to overturn the finding of the Court in *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559, which dismissed his case for lack of standing since his remedy was with the SSA and not the IRS. Specifically, in his present

Complaint, Plaintiff states that the Court in *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, was wrong and that he does in fact have standing against the IRS since his property rights to Social Security benefits were violated under the Fifth and Fourteenth Amendments demonstrating an actual injury. (Doc. 1, p. 2). The Court in  *Spagnolo v. U.S. I.R.S.*, Civ. No. 12-00255, 2012 WL 6629559, *7 n. 7, after finding Plaintiff lacked standing against the IRS, also noted that Plaintiff had a similar action pending against the SSA Commissioner, namely, [*Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, D.Hawaii.  As discussed above, in Plaintiff's prior case against the SSA, *Spagnolo v. Astrue (SSA Commissioner)*, Civ. No. 12-00563, 2013 WL 1856267 (D.Hawaii April 30, 2013), the District Court later found that the case was barred by the doctrine of res judicata and that Plaintiff was merely filing the case as an "appeal" of his first case which was dismissed.  *See Spagnolo v. U.S. S.S.A.*, Civ. No. 11-00353.

Based on the above, we find that Plaintiff's instant case is barred by the doctrine of res judicata and that Plaintiff is merely filing the case as an appeal of his cases which he filed in the District Court of Hawaii and which were dismissed. We find that Plaintiff's claims in the present case are barred by res judicata since they are the same claims and based on the same underlying facts as the claims he asserted in his  numerous prior court cases he filed in Hawaii. In order for res judicata to apply, one factor is that Plaintiff's instant claims are based on his claims he raised against Defendants in his prior federal court cases he filed in the District Court of Hawaii.  *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation omitted).  For res judicata to apply, the following elements must be found:

(1) a final judgment on the merits in a prior suit; (2) involving the same

13

parties or their privies; and (3) a subsequent suit based on the same cause of action.

*Id*. (citation omitted).

As discussed above, we find that all elements exist to bar Plaintiff 's instant case under the doctrine of res judicata.

Moreover, we find that Plaintiff has failed to state a claim under §1985(3).

In *Brookhart v. Rohr*, 385 Fed. Appx. 67, 70 (3d Cir. 2010), the Third Circuit Court  stated:

> Section 1985(3) of title 42 requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred. *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267-68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Brookhart did not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a section 1985(3) claim.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C. § 1985(3) are set forth in a line of Supreme Court cases beginning with the decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d  338 (1971). There, the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798. The Court strictly construed the requirement of class-based invidious animus in *United Brotherhood of Carpenters and Joiners of America, 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding that commercial and economic animus could not form  the  basis for a section 1985(3) claim. *Lake v. Arnold,* 112 F.3d 682, 685 (3d   Cir.1997). Consistent with these decisions, a plaintiff must allege the    following elements in order to state a claim pursuant to 42 U.S.C. §

1985(3):(1) a conspiracy; (2) motivated by a racial or class based
discriminatory animus designed to deprive, directly or indirectly, any
person or class of persons to the equal protection of the laws; (3) an act in
furtherance of the conspiracy; and (4) an injury to person or property or
the deprivation of any right or privilege of a citizen of the United States. *Id.*

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3).

Instead, the complaint must allege that Defendants have engaged in invidious discrimination against

the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v.

Marrow*, 2009 WL 3103781, *6 citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-

9-07); *Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of

constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of

Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not

sufficient; animus must be class-based.")(citations omitted).

Plaintiff Spagnolo does not raise a claim under §1985 against any Defendant.  Plaintiff does

not indicate that he falls within a class entitled to sue under §1985(3).  Also, we find that Plaintiff

does not allege  Defendants conspired any state official to deprive him of his property and, that

Plaintiff does not assert a conspiracy claim against any Defendant under §1985(3).  Nor does

Plaintiff state that any conspiracy existed  between  Defendants and any state official with the

purpose of violating his constitutional rights.  Further, Plaintiff does not allege any conspiracy which

"was motivated by discriminatory animus against an identifiable class and that the discrimination

against  the identifiable class was invidious." *Farber v. City of Patterson*, 440 F. 3d 131, 135 (3d Cir.

2006).

Thus, we will recommend that Plaintiff's Complaint against all three Defendants, insofar as it

is  under §1985(3), be dismissed with prejudice.  Based upon the above, we find that the Court

should not allow Plaintiff to amend his Complaint with respect to any §1985(3) claim against any

Defendant in federal court since it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d

103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Further, Plaintiff cannot name a federal agency such as the IRS as a Defendant in a *Bivens*

civil rights action alleging violations of his due process rights under the Fifth Amendment. The law is

clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not

against the United States and federal agencies."  *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D.

Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*]

could properly be brought against Defendants in their official capacities.")(citation omitted).  As

such, we will recommend that Defendant IRS be dismissed with prejudice based on the doctrine of

sovereign immunity.  *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Court in *Johnson* v. U.S. Attorney's,  2010 WL 2991409, *2-*3 (E.D.Pa. July 27, 2010),

stated:

> An action brought against federal agencies, or federal employees in their
> official capacities, is effectively an action against the United States. *Ky v.
> Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is
> well settled that the United States has sovereign immunity except where it
> consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct.
> 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government
> agencies and employees sued in their official capacities. *Antol v. Perry,* 82
> F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity
> "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S.
> at 538.
> First, regarding Johnson's constitutional claims against the Federal Defendants,

16

Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).
Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

Thus,  we will  recommend that Defendant IRS be dismissed with prejudice.  Based on the above, we find futility in allowing Plaintiff to amend his constitutional  claims against Defendant Untied States.  *See FDIC v. Meyer, supra*.

Additionally, Defendants SDDS and APD, two of the  PA telephone directory delivery companies that seasonally employed Plaintiff in PA for about ten years, are not proper Defendants in a *Bivens* action.  *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).  Also,  Plaintiff's Fifth Amendment due process claims do not apply against Defendants SDDS and APD since they are not Federal government actors.   *See Betts v. New Castle Youth Dev. Center,* 2009 WL 2913846, *8 (W.D.Pa. Sept. 8, 2009).

17

To the extent Plaintiff alleges that Defendants violated  his Fourteenth  Amendment due process rights by depriving him of his Social Security benefits,  he has no Fourteenth Amendment claim since there is no alleged involvement by a state actor.  *See Betts v. New Castle Youth Dev. Center,* 2009 WL 2913846, *8 (W.D.Pa. Sept. 8, 2009)(state actor Defendants are covered by the Fourteenth  Amendment's due process clause).

Based on our above discussion, we will recommend that the Court dismiss Plaintiff's Complaint with prejudice since we find that it is barred under the doctrine of res judicata and that it fails to state a claim. In light of the above, we find that the Court should not allow Plaintiff leave to amend his Complaint in this federal Court with respect to any of his claims since we find it would be futile to do so.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

## IV.     Recommendation.

Based on the foregoing, it is respectfully recommend that the Court dismiss Plaintiff's Complaint (**Doc. 1**) with prejudice.   It is also recommended that the Court grant Plaintiff's  Motion for Leave to Proceed *in forma pauperis* (**Doc.  2**) solely for the purpose of filing this action.


 

                                                      **s/ Thomas M. Blewitt**
_____
                                  **THOMAS M. BLEWITT**
                      **United States Magistrate Judge**


**Dated: May 13, 2014**

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICK SPANGOLO, | : | CIVIL ACTION NO. **1:CV-14-0855** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| SPECIAL DIRECTORY DELIVERY | : | |
| SERVICES, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated  **May 13, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basi

of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

constitute a waiver of any appellate rights.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated:  May 13, 2014**